IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMON WILLIAMS, | : | CIVIL NO. 3:14-CV-1019 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| LAWRENCE MCHALLY, | : | |
| Respondent | : | |

## MEMORANDUM

On October 30, 2008, petitioner Damon Williams[1] ("Williams") was sentenced in the Court of Common Pleas of Luzerne County, Pennsylvania to a term of incarceration of eighteen to thirty-six months following convictions for possession of controlled substances and false identification to law enforcement officials. (Doc. 1, at 1; see http://ujsportal.pacourts.us, court of common pleas electronic docket number ("electronic docket number") CP-40-CR-0000646-2008). On May 27, 2014, he filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions. (Doc. 1). For the reasons set forth below, the petition will be denied as untimely.

I. **Background**

On November 18, 2008, following the imposition of the October 30, 2008 sentence, Williams filed a timely appeal with the Superior Court of Pennsylvania. (Doc. 1, at 2; see electronic docket number CP-40-CR-0000646-2008). The superior court affirmed the

---

[1] Petitioner is identified as "Brian King a/k/a Damon Williams" in the electronic dockets found at http://ujsportal.pacourts.us.

judgment of sentence on March 8, 2010. (Doc. 1, at 2). Williams filed a petition for allowance of appeal on April 7, 2010, with the Supreme Court of Pennsylvania, which was denied on November 9, 2010. (Doc. 1, at 2; see supreme court electronic docket number 257 MAL 2010).

On February 3, 2011, Williams filed a petition for post conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 1, at 3, 33; see electronic docket number CP-40-CR-0000646-2008).[2] The petition was denied on May 20, 2011, following an evidentiary hearing. (Doc. 1, at 3, 31-37). Williams pursued an appeal to the superior court, which was denied on August 16, 2012. (Doc. 1, at 4; 18-24). Thereafter, he filed a petition for allowance of appeal with the supreme court. (Doc. 1, 6; see supreme court electronic docket number 736 MAL 2012). The petition was denied on April 30, 2013.[3] (see supreme court electronic docket number 736 MAL 2012).

The instant petition was filed on May 27, 2014. (Doc. 1). Upon preliminary review, see R. GOVERNING § 2254 CASES R. 4, respondent was directed to file a response addressing the timeliness of the petition. (Doc. 3, citing United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district courts may *sua sponte* raise AEDPA's one-year

---

[2]The PCRA filing date of February 3, 2011, is extracted from electronic docket number CP-40-CR-0000646-2008. The court therefore rejects respondent's suggested filing date of March 3, 2011. (Doc. 5, at 2).

[3]The Supreme Court of Pennsylvania electronic docket clearly indicates that the petition for allowance of appeal was denied on April 30, 2013. (see supreme court electronic docket number 736 MAL 2012). The court therefore rejects respondent's suggested filing date of May 21, 2013, which is simply the date the Prothonotary issued the notice of disposition. (Doc. 5, at 2).

statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond) set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")). Williams was afforded the opportunity to file a reply. (Doc. 3) On July 7, 2014, respondent filed an answer to the petition seeking denial of the petition as untimely. (Doc. 5). Williams filed a reply on July 21, 2014. (Doc. 6).

## II. Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Williams was sentenced on October 30, 2008. His appeal proceedings concluded on November 9, 2010, the date on which the supreme court denied his petition for allowance of appeal. His judgment became final ninety days later, on February 7, 2011, when his time to seek United States Supreme Court review of his direct appeal proceedings expired. The one-year period for the statute of limitations commenced running as of that date and expired on February 7, 2012. Hence, the federal petition, which was filed on May 27, 2014, is patently untimely. However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations in the matter *sub judice* began running on February 7, 2011, and, absent any tolling, would expire on February 7, 2012. However, Williams successfully tolled the statute of limitations when he filed his timely PCRA petition on February 3, 2011. The statute remained tolled until April 30, 2013, when his petition for allowance of appeal was

denied by the Pennsylvania Supreme Court. The statute of limitations commenced running as of that date and expired on April 30, 2014. Consequently, his federal petition which was received in this court on May 27, 2014, was filed after the expiration of the limitations period and is therefore untimely. Significantly, even employing the date of May 21, 2013, which appears from the mailing envelope to be the date the petition was placed in the mail, the petition is still untimely.[4] (Doc. 6, at 3).

**B.  Equitable Tolling**

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, he must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v.

---

[4] Williams represents that his sister purchased a money order and mailed his petition on May 21, 2014. (Doc, 6, at 3). Under the prison mailbox rule, "a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing. . . ." Burns v. Morton, 134 F.3d 109, 113 (3d Cir.1998)

5

Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

As concerns extraordinary circumstances, they have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Review of the state court electronic dockets reveals that petitioner failed to exercise reasonable diligence throughout the limitations period he seeks to toll. After his petition for allowance of appeal was denied on April 30, 2013, he was completely idle until he filed the petition in this court on May 27, 2014. Petitioner's delay in seeking federal review of his conviction does not show reasonable diligence. Hence, equitable tolling of the AEDPA

statute of limitations is not warranted in this case.

### III. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be denied as untimely.

### IV. Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order will issue.

                                               **BY THE COURT:**

                                               <u>**s/James M. Munley**</u>
                                               **JUDGE JAMES M. MUNLEY**
                                               **United States District Court**

Dated:       August 8th 2014